ROBERT S. BREWER, JR.
United States Attorney
MELANIE K. PIERSON
Assistant U.S. Attorney
California Bar No. 112520
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Fax: (619) 546-0450
Email:  Melanie.Pierson@usdoj.gov

Attorneys for the United States

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 20cr1380-DMS |
|---|---|
| Plaintiff, | **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS;** |
| CESAR ALBERTO GARCIA | **1. TO COMPEL DISCOVERY**<br>**2. TO PRESERVE EVIDENCE** |
| Defendant. | **3. TO FILE FURTHER MOTIONS** |
| | DATE: August 14, 2020<br>TIME:  11:00 a.m. |

COMES NOW the plaintiff, United States of America, by and through its counsel, United States Attorney Robert S. Brewer, Jr., and Assistant U.S. Attorney Melanie K. Pierson, and hereby files its Response and Opposition to Defendant Martin's Motion to Compel Discovery.  Said response is based on the files and records of the case.


    DATED:August 6, 2020          Respectfully submitted,

                                  ROBERT S. BREWER, JR.
                                  United States Attorney

                                  /s/Melanie K. Pierson
                                  Assistant United States Attorney

I.

STATEMENT OF THE CASE

On February 3, 2020, a complaint was filed in the Southern District of California, charging defendant Garcia with Smuggling, in violation of Title 18, United States Code, Section 545.  The defendant appeared, pursuant to a Notice to Appear, was arraigned on February 26, 2020, and entered a not guilty plea. A date for arraignment was set for March 26, 2020.

Due to the pandemic, the next hearing was held on June 2, 2020, with time excluded under the Speedy Trial Act. On that date, the defendant waived indictment and was arraigned on an Information with the same charge, and again pled not guilty. A hearing on all motions was set for July 10, at 11:00 a.m.  On July 1, 2020, the date for the hearing on all motions was moved to August 15, 2020, at 11:00 a.m.

On June 26, 2020, defendant Garcia filed motion to compel discovery, to preserve evidence and to file further motions. The United States responds to those motions herein.

II.

STATEMENT OF FACTS

At about 4:28 p.m. on January 22, 2020, Cesar Alberto GARCIA entered the United States at the San Ysidro POE as the driver of a black 2011 Mercedes GLK 350 sedan, bearing California license plate number 8KBZ337, registered to another. CBP Officer M. Subervi contacted GARCIA and asked where he was going. Garcia said he was going to Fresno. CBP Officer

2

*Response in Opposition to Motion to Compel Discovery*                                                    *20cr1380-DMS*

Subervi twice asked GARCIA what he had to declare from Mexico, and GARCIA stated he had dry meat and tequila.

CBP Officer Subervi performed an inspection of the trunk and observed several bottles of pesticides inside two cartons. CBP Officer Subervi again asked GARCIA what he had to declare and again GARCIA stated he had dried meat and tequila.  CBP Officer Subervi  referred the vehicle to secondary inspection.

CBP Officer M. Martinez conducted a search of the vehicle in the secondary inspection area.  CBP Officer Martinez discovered twelve 950L bottles of Tramofos 600, three 950L bottles of Malithion 1000, three 1kg bags of Granelit 200 (a granular form of Malithion), two cellular phones, five machetes, five pick hoe tools, 20 bungies cords and one duffle bag.

After being advised of his Constitutional rights and waiving his rights in writing, GARCIA stated that he was to be paid $300 by to bring the pesticides into the United States from Mexico.  According to GARCIA, he met "Roberto" at the bus station in Tijuana.  GARCIA believed that Roberto had traveled to Tijuana from the interior of Mexico.  Roberto gave GARCIA the pesticides and a duffle bag with the machetes.  GARCIA was to deliver to pesticides and machetes to another person in Fresno. GARCIA advised that he believed the items were to be used on a marijuana grow somewhere in the United States, for which GARCIA believed there was a permit.

According to the labels, the bottles of the Mexican pesticide "Tramofos 600" contain the active ingredient methamidophos.  EPA investigators advised that methamidophos is a "cancelled" pesticide in

*Response in Opposition to Motion to Compel Discovery*                                                                    *20cr1380-DMS*

the United States – meaning that it is no longer a pesticide registered with the EPA – because it is lethal if ingested, absorbed through the skin, or inhaled, highly toxic to bees, very highly toxic to birds, highly toxic to mammals, very highly toxic to freshwater invertebrates, toxic to estuarine and marine fish and invertebrates, can enter surface water as runoff, and poses a risk to drinking water.

In the form approved for use in the United States, a pesticide containing 92.2% malithion is a restricted use pesticide, while an approved form at 81.8% is not restricted.  The product seized from GARCIA contained 88.7% malithion, which is more closely related to the restricted use form.  In the United States, federal regulations limit the sale and use of restricted-use pesticides to applicators certified by a program approved by the EPA, who have received training in mitigating the dangers of such pesticides, and persons under their direct supervision.  A search of the database of certified pesticide applicators in California revealed that GARCIA holds no such certification.

Federal law prohibits the distribution and sale of cancelled and unregistered pesticides.  7 U.S.C. §136j(a)(1)(A).  Only pesticides registered with the EPA may be imported or sold in the United States. 7 U.S.C. §136o(c).  All pesticides intended for use in the United States must bear their EPA registration number on their labels, preceded by the phrase "EPA Registration No." or "EPA Reg. No." 40 C.F.R. §156.10(e). In addition, all required information on a label must appear in the English language.  40 C.F.R. §156.10(a)(3).  The containers of pesticides

4

found with GARCIA were labeled only in Spanish and bore no EPA registration numbers.

III

POINTS AND AUTHORITIES

A. THE GOVERNMENT HAS AND WILL COMPLY WITH RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.  ANY ADDITIONAL DISCOVERY DEMANDS OF THE DEFENDANT SHOULD BE DENIED.

On February 28, 2020, the government made available 68 pages of discovery and a disc containing the video of the defendant's post arrest statement.  The initial discovery included the CBP reports of the primary and secondary officers, copies of the documents seized from the defendant and the vehicle, the reports of the HSI agent who interviewed the defendant, the notes of the interviewing agents, the signed advisement of rights form, the seizure forms, and the defendant's criminal history report.  Additional discovery was provided on June 1, 2020, indicating that the Port of Entry videos of primary and secondary for this defendant were no longer available.  On June 16, 2020, 429 pages of discovery consisting of downloaded chats from one of the phones seized from the defendant was produced.  On June 29, 2020, a disc containing contacts and audio chats and other information from one of the defendant's phones was provided.  One additional page related to the vehicle was produced on July 1, 2020.

The government, to date, has provided discovery consisting of approximately 500 pages of documents and a recording. The discovery provided to date is in excess of that required by Rule 16 of the Federal Rules of Criminal Procedure. The Government will continue to comply with

*Response in Opposition to Motion to Compel Discovery*                                                                 *20cr1380-DMS*

1
2
the rules concerning discovery.  The defendant's specific requests are discussed below.

3
4
    1. <u>The Government Has Already Disclosed Information Subject to Disclosure under Rule 16(a)(1)(A)and (B) of the Federal Rules of Criminal Procedure.</u>

5
6
7
    The Government has already disclosed the written and recorded statements of the defendant, as well as the substance of any relevant oral statements he made in response to questions by Government agents.

8
9
10
11
12
13
    The defendant is not entitled to summaries of oral statements of the defendant made to persons not known by him to be government agents, and the memorialization of any such statements in a written report does not make them discoverable as "written" statements of the defendants. <u>United States v. Hoffman</u>, 794 F.2d 1429, 1432, n.4 (9th Cir.1986).

14
15
16
17
18
    The reports relating to the defendant's detention at the Port of Entry have been produced.  He was not arrested but was given a Notice to Appear.  The notes of the interviewing agents have been produced, as well as the TECS record of the vehicle stop.

19
    2.    <u>The Government Will Comply with Rule 16(a)(1)(D).</u>

20
21
22
23
24
25
    The Government has already provided the defendant with a copy of the printout of the results of the database check for evidence of prior convictions.  Once the witnesses the government intends to call in its case in chief are identified, records of any evidence of prior convictions for those individuals will be disclosed.

26
27
28
    The Government is well aware of and will fully perform its duty under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), to disclose exculpatory evidence within its

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

possession that is material to the issue of guilt or punishment, as well as its duty under <u>Giglio v. United States</u>, 405 U.S. 150 (1972) to provide information on any benefits provided to Government witnesses in exchange for their testimony and impeachment material.  The Government agrees to provide this information at least one week prior to trial, after all of the trial witnesses have been identified.

    3.   <u>The Government Will Comply with Rule 16(a)(1)(E).</u>

The Government will permit the defendant to inspect and copy or photograph all books, papers, documents, photographs, tangible objects, buildings, or places, or portions thereof, which are within the possession, custody, or control of the Government, and which are material to the preparation of the defendant's defense or are intended for use by the Government as evidence-in-chief at trial or were obtained from or belong to the defendant, and agrees to preserve such evidence during the pendency of this proceeding.

The defendant is not entitled to all evidence known or believed to exist which is, or may be favorable to the accused, or which pertains to the credibility of the Government's case.  As stated in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> "[T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." <u>Id.</u>, 611 F.2d at 774-775 (citations omitted).

<u>See also United States v. Sukumolachan</u>, 610 F.2d 685, 687 (9th Cir. 1980) (the Government not required to create exculpatory material that does not exist); <u>United States v. Flores</u>, 540 F.2d 432, 438

*Response in Opposition to Motion to Compel Discovery*                    *20cr1380-DMS*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(9th Cir. 1976) (<u>Brady</u> does not create any pretrial discovery privileges not contained in the Federal Rules of Criminal Procedure).  All physical evidence collected to date will be preserved.  The photographs taken at the Port of Entry have been requested and will be disclosed as soon as they are received by counsel for the government.

4.    <u>The Government Will Comply with Rule 16(a)(1)(F)</u>

No scientific testing of the pesticides has been performed.  To the extent such evidence is created in the future, the Government will provide the defendant with the results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession of the Government, and will continue to provide any further such reports that by the exercise of due diligence may become known to the attorney for the Government and are material to the preparation of the defense or are intended for use by the Government as evidence-in-chief at the trial.

5.    <u>The Government Will Comply with Rule 16(a)(1)(G)</u>

No reports of experts have been prepared to date.  The Government will provide any summaries of expert testimony as such evidence is identified as the case proceeds to trial, but no later than two weeks prior to trial.

6.    <u>Jencks Material</u>

Production of witness statements is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the witness testifies on direct examination.  <u>United States v. Taylor</u>, 802 F.2d 1108, 1118

8

(9th Cir. 1986); <u>United States v. Mills</u>, 641 F.2d 785, 790 (9th Cir.), <u>cert. denied</u>, 454 U.S. 902 (1981).  Indeed, even material believed to be exculpatory and therefore subject to disclosure under the <u>Brady</u> doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act.  See <u>United States v. Bernard</u>, 623 F.2d 551, 556 (9th Cir. 1979).

 As a practical matter, the government has disclosed the reports of the investigation, so advance <u>Jencks</u> material has already been provided.

### 7. <u>Prior Similar Act Evidence</u>

To the extent that the government has evidence currently in its possession that might be argued to be admissible under Rule 404(b) relating to instances of the illegal imports of pesticides, it has been disclosed. Such evidence can be found in the information downloaded from the defendant's phone(s).  For example, in a chat on December 26, 2019, a photo of a Mexican pesticide is shared, while a chat with a different individual on December 27, 2019, discussed a different Mexican pesticide.  An audio chat of December 23, 2019, discussed a third Mexican pesticide.  All the information obtained to date from the defendant's phones have been disclosed.

### 8.  <u>Henthorn Material</u>

The government will conduct a review of the personnel files of the federal agents involved in the case, and any impeachment material falling within the purview of <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir.1991) will be disclosed.

9

*Response in Opposition to Motion to Compel Discovery*                                                                                   *20cr1380-DMS*

9.     <u>Impeachment Information</u>

The defendant may request various categories of impeachment evidence, including bias or motive to lie, evidence of criminal investigation or convictions, and evidence affecting perception.  The government has disclosed much of the evidence currently in its possession that falls into this category, but this disclosure is not yet complete.

The government will disclose such evidence in compliance with its continuing obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972) no later than one week before trial, when the witnesses for trial have been identified.

10.     <u>Informants and Cooperating Witnesses</u>

The defense requests information regarding informants and cooperating witnesses.  No informants or cooperating witnesses were involved in this case.

11.     <u>Records Applicable to Sentencing</u>.

The defense seeks records affecting sentencing.  The United States has provided full discovery regarding the facts of the case and the defendant's criminal record.  Accordingly, the government has complied with this request, to the extent possible without further amplification of the nature of the desired records.

11.<u>A-File Records</u>

The defendant requests access to the A-files that are relevant to this case.  As it is the position of the United States that no A-file evidence is relevant to the charge of pesticide smuggling, none will be disclosed.

*Response in Opposition to Motion to Compel Discovery*                                              *20cr1380-DMS*

1

B.   PHYSICAL EVIDENCE WILL BE PRESERVED.

2

        The defense requests that all physical evidence in the case,

3

including the vehicle, the pesticides, Mr. Garcia's personal effects,

4

his cell phone and the agents' notes be preserved.   The United States

5

has no objection to this request and has directed the case agents to

6

preserve all such evidence.

7

8

C.   FURTHER MOTIONS SHOULD BE BASED ON NEW EVIDENCE.

9

        The Government has no objection to the filing of further motions,

10

so long as those new motions are based on newly disclosed evidence, or

11

the defendant provides an adequate explanation of why the motions could

12

not be filed in a timely manner.   The Government requests that the court

13

not issue an order permitting the filing of all additional motions, but

14

instead review each request for further motions on its own merit.

15

16

IV.
CONCLUSION

17

     The   United   States   respectfully   requests   that   the   court   deny   the

18

defendant's motions, to the extent they are opposed herein.

19

20

21

22

23

24

25

26

27

28

*Response in Opposition to Motion to Compel Discovery*                                                     *20cr1380-DMS*